IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE ORR, #132 726, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|       v. | ) CIVIL ACTION NO.: 2:16-CV-4-WHA |
| | )               [WO] |
| LEEPOSEY DANIELS, WARDEN, | ) |
| | ) |
|    Respondent. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Petitioner, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, filed this petition under 28 U.S.C. § 2241 on January 4, 2016. Subsequently, and prior to the filing of an answer by Respondents, Petitioner filed a pleading that the court considers to be a notice of dismissal. *See* Doc. 6.

Under the applicable rules, Petitioner has the authority to dismiss this action voluntarily at this early stage of the proceedings. Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Under Fed. R. Civ. P. 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared in the action." This rule applies to federal habeas corpus proceedings. *See Doster v. Jones*, 60 F. Supp. 2d 1258 (M.D. Ala. 1999). Moreover, "[o]rdinarily, a Rule 41(a)(1)(A) voluntary dismissal is effective immediately and requires no action by the district court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.

1

1999).  Because a voluntary dismissal is self-executing, it may precede any analysis of subject-matter jurisdiction and moots all pending motions. *Id*.

A petitioner may properly effect a Rule 41(a)(1)(A) dismissal by filing a "notice of dismissal." Fed. R. Civ. P. 41(a)(1)(A)(i).  Although Petitioner designates his filing as a response to a court order, he asks for permission to "voluntarily dismiss" this action.[1]  Doc. 6.  The court, therefore, will consider Petitioner's February 22, 2016, response as a notice of dismissal within the meaning of Fed. R. Civ. P. 41(a)(1)(A)(i). *Cf. Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted) ("The fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence.").  Because no answer or motion for summary judgment has been filed by Respondents, Petitioner may dismiss his action as a matter of right.  In light of the foregoing, the court concludes this case is due to be dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, it is ORDERED that Petitioner's response (Doc. 6) is considered a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(1)(A)(i).

It is further ORDERED that **on or before April 5, 2016**, Petitioner may file an objection to the Recommendation.  Any objection must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

---

[1] Petitioner also requested to amend this action to assert a cause of action under 42 U.S.C. § 1983, attaching a proposed § 1983 complaint to the aforementioned response. *See* Doc. 6.  While Petitioner's request to transform this petition into a § 1983 action is improper, his § 1983 complaint has been docketed as a separate action and remains pending as *Willie J. Orr v. Robert J. Bentley, et al.*, 2:16-cv-00119-WHA-GMB.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 22nd day of March, 2016.

    /s/ Gray M. Borden  
UNITED STATES MAGISTRATE JUDGE